Michael P. Balaban   State Bar No. 9370
LAW OFFICES OF MICHAEL P. BALABAN
10726 Del Rudini Street
Las Vegas, NV  89141
(702)586-2964
Fax: (702)586-3023

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JASON ANGERHOFER,<br><br>            Plaintiff,<br>     vs.<br><br>XEROX CORPORATION, a New York Corporation<br><br>            Defendant. | CASE NO.<br>DEPT NO.<br><br>COMPLAINT FOR DAMAGES AND OTHER RELIEF BASED UPON:<br><br>1. FAILURE TO PAY WAGES IN VIOLATION 29 U.S.C. § 206(a)(1)(C) AND NRS 608,016<br><br>2. FOR VIOLATION OF NRS 608,040(1) AND THE FLSA |

JASON ANGERHOFER (hereinafter collectively "Plaintiff" or "Angerhofer") allege as follows:

**INTRODUCTION**

1. Plaintiff Angerhofer is an individual who now, and at all times mentioned in this complaint was a resident of City of Las Vegas, County of Clark and State of Nevada.

2. Defendant XEROX CORPORATION, a New York Corporation ("Defendant" or "Xerox") is a company which regularly does business in this district.

1

3. This Court has jurisdiction over the subject matter of this action because it involves a federal question (*28 U.S.C. §* 1331) under the Fair Labor Standards Act, *29 USC §§201-219* (hereinafter "FLSA"). The court has supplemental jurisdiction over the state law claims.

4. Venue is proper in this district pursuant to *28 USC §1391(b)* because the events and omissions giving rise to this action occurred in this district.

## STATEMENT OF FACTS

5. Angerhofer hired by Xerox on or about June 1, 2017 and was separated from Defendant's employ on September 30, 2021.

6. From June 1, 2017 to December 31, 2020, Plaintiff worked as a Production Tiger Specialist covering the Arizona (all cities in and around Phoenix and Tucson) and Las Vegas, responsible for Enterprise accounts as well as State Government accounts. Angerhofer also responded to RFP's, RFI's, conducted formal presentations and proposals, product demonstrations, consultations and training sessions for customers. Finally, Plaintiff engaged his sales manager, Vice President of production and finance, for outlook meetings and sales meetings to track revenue and growth for the account he supported. Angerhofer was responsible for a large budget to Xerox.

7. From September 1, 2020 to September 30, 2021, Plaintiff worked as a Production High-End Specialist covering all of Arizona and Nevada. He supported all Go to Market Units, was responsible for three production presses, workflow software solutions and inline/offline finishing options. Angerhofer also responded to RFP's, RFI's, conducted formal presentations and proposals, product demonstrations, consultations and training sessions for customers. Plaintiff further held and engaged the CEO/Owners and sale managers in outlook and sales meeting to track revenue and growth for all Go to Market Units he supported. Finally, Plaintiff engaged his sales manager, Vice President of production and finance, for outlook meetings and sales meetings to track revenue and growth for all accounts he supported for his products only. Angerhofer was responsible for a large budget to Xerox for the southwest region.

8. When Plaintiff was terminated he was owed $12,393.69 in Production Specialist

commissions based on orders that were financially installed prior to his departure from Xerox.

9.  Angerhofer was also owed $201.47 in Production Specialist Software based on software orders that were financially installed prior to his departure from Xerox.

10. Finally Plaintiff was also owed $20,000.00 in a Production Specialist Q3 bonus based on units he wrote in Q3 that qualified him for payment. Angerhofer worked through all of Q3 and should be awarded this bonus from Xerox.

## FIRST CAUSE OF ACTION

### (For Failure to Pay Wages in Violation of

### 29 U.S.C. § 206(a)(1)(C) and NRS 608.016)

11. Plaintiff Angerhofer incorporate the allegations set forth in paragraphs 1 through 10, inclusive, as if fully set forth herein.

12. Defendant regularly engaged in commerce and its employees handled and used goods which have moved in interstate commerce and thus is subjected to the provisions of the FLSA.

13. Plaintiff at all relevant times was an employee of Defendant, as defined by *29 U.S.C. § 203(d)* and *NRS 608.010.*

14. *29 U.S.C. § 206(a)(1)(C)*, mandates that employers pay all employees engaged in commerce or in the production of goods for commerce, minimum wages for their work in an amount set by federal law. Further *NRS 608.016* provides that an employer shall pay to the employee wages for each hour the employee works.

15. During the period of time that Plaintiff was employed by Xerox, Plaintiff performed work for which he was not compensated for in an amount to be proven at trial believed to be $32,595.16 in violation of *29 U.S.C. § 206(a)(1)(C)* and *NRS 608.016*.

16. As a direct and proximate result of Defendant violating the FLSA and Nevada State Law, Plaintiff has suffered loss of income, including but not limited to loss of past wages, commissions and bonuses, other damages and interest, to be proven at trial.

17. Defendant's actions were with deliberate indifference to such right or were willful,

entitling Plaintiff to an award of liquidated damages equal to double the amount of his actual damages pursuant *29 USC §§216(b)* and *626(b)*.

18. Plaintiff has incurred, and continues to incur, attorney's fees in the prosecution of his claims. Plaintiff therefore seeks an award of reasonable attorney's fees, in a sum according to proof at trial.

## SECOND CAUSE OF ACTION

### (For Violation of NRS 608.040(1) and the FLSA)

19. Plaintiff Angerhofer incorporate the allegations set forth in paragraphs 1 through 18, inclusive, as if fully set forth herein.

20. Finally *NRS 608.040(1)* mandates that an employer pay its employees all earned wages immediately upon discharge or within 72 hours of the employee's resignation. If this is not done, the wages and compensation continue at their daily rate, until paid or for 30 days, whichever is less.

21. As will be proven at trial, Plaintiff was not paid all the wages, commissions, bonuses and compensation he was owed when he was terminated and thus is owed a penalty pursuant to *NRS 608.040(1)* for 30 days at his daily wage rate.

22. Further failure to pay wages on time, even if it involves a short period of time, violates the FLSA. *See Martin v. United States*, 130 Fed. Cl. 578 (Feb. 13, 2017).

23. The employer is liable under the FLSA for unpaid minimum wages that accrues when the employer fails to pay the required compensation for any workweek where the employee is not paid on the regular pay day. *29 CFR §790.21(b), Briggs v. Wilson*, 1 F.3d 1537, 1540 (9th Cir. 1993).

24. As a direct and proximate result of Defendant violating *NRS 608.040(1)* and the FLSA, Plaintiff has suffered loss of income, including but not limited to loss of past wages, commissions, bonuses and interest, in amounts to be proven at trial.

25. Defendant's actions were with deliberate indifference to such right or were willful,

entitling Plaintiff to an award of liquidated damages equal to double the amount of his actual damages pursuant *29 USC §§216(b)* and *626(b)*.

26. Plaintiff has incurred, and continues to incur, attorney's fees in the prosecution of his claims. Plaintiff therefore seeks an award of reasonable attorney's fees, in a sum according to proof at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Angerhofer demands judgment against Defendant Xerox, as follows:

1. For declaratory relief that Defendant has violated its statutory and legal obligation and deprived Plaintiff of his rights, privileges, protections and compensation under the law, that the violations were not in good faith and that Defendant did not have reasonable grounds for believing that its acts complied with its obligation under the FLSA and NRS, and that the violations were willful;

2. For monetary damages and other damages pursuant to the FLSA and NRS;

3. For liquidated damages under the FLSA in an amount equal to Plaintiff's monetary damages and other damages set forth above;

4. For attorney's fees and costs in an amount determined by the court to be reasonable;

5. For pre-judgment interest on all damages; and

6. For any other and further relief that the Court considers proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

DATED: 9/6/2023              LAW OFFICES OF MICHAEL P. BALABAN

                BY: /s/ Michael P. Balaban
                    Michael P. Balaban, Esq.
                    LAW OFFICES OF MICHAEL P. BALABAN
                    10726 Del Rudini Street
                    Las Vegas, NV  89141